UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. ROBERTS,

        Petitioner,

                            CASE NO. 15-CV-14275
v.                            HONORABLE GEORGE CARAM STEEH

JUDGE JOSHUA FARREL,
80TH DISTRICT COURT,
GLADWIN COUNTY MICHIGAN,

        Respondents.
_____/

ORDER DISMISSING PETITION FOR
WRIT OF ERROR CORAM VOBIS (DOC. #1)

Petitioner filed a complaint in 55th Circuit Court seeking superintending control over the 80th District Court. *See Roberts v. 80th Dist. Court*, No. 12-006354-AS, 2014 WL 7157428 (Mich. Ct. App. Dec. 16, 2014). Petitioner "asked the circuit court to order the district court to dismiss the charges pending against him from two criminal cases filed in 1995" on the grounds that they were time-barred *Id.* at *1. The circuit court, without holding a hearing, determined that petitioner had brought a similar action that was previously dismissed, and, therefore, dismissed the action on res judicata grounds. *Id.* Petitioner appealed to the Michigan Court of Appeals arguing that his due process rights were violated when the circuit court dismissed the action without a hearing and that res judicata was inapplicable. The Michigan Court of Appeals affirmed the circuit court's dismissal. The Michigan Supreme Court declined review.

Now before the court is petitioner's writ of error *coram vobis*. (Doc. #1). Petitioner complains that his constitutional rights were violated by the state circuit court and court of appeals because he was not afforded a meaningful opportunity to be heard. The court will dismiss petitioner's writ because (1) Federal Rule of Civil Procedure 60(e) abolished the writ of error *coram vobis* in civil cases, and (2) to the extent that the writ relates to petitioner's criminal state court actions, which is difficult to determine with reference to petitioner's filing, the court lacks jurisdiction.

The writ of error *coram vobis* is founded in English law and allows the petitioner "to bring before the same court in which [an] error was committed some matter of fact which has escaped attention, and which was material in the proceeding." *Bronson v. Schulten*, 104 U.S. 410, 416 (1881). The writ does not "reach to facts submitted to a jury, or found by a referee, or by the court sitting to try the issues." *Id.* Indeed, "[i]t cannot be questioned, that the appropriate use of the writ of error *coram vobis* is, to enable a court to correct its own errors—those errors which precede the rendition of judgment." *Pickett's Heirs v. Legerwood*, 32 U.S. 144, 147 (1833). As explained by another district court, "[a] writ of error coram vobis is analogous to a writ of error coram nobis except that it is a writ of error directed by a court of review to the court that tried the case, while coram nobis is an examination by the trial court of its own proceedings." *United States v. Fuller*, 938 F.Supp 731, 734 (D. Ka. 1996) (citation omitted).

Unfortunately for petitioner, Federal Rule of Civil Procedure 60(e) abolished writs of *coram vobis* in civil cases. ("The following are abolished: . . . writs of . . . coram vobis. . . ."). And to the extent that the writ is brought in relation to any criminal action involving petitioner, which is not clear from his filing, federal courts lack jurisdiction to review state

-2-

court judgments through collateral writs of *coram vobis* or *coram nobis*. *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013). Rather, "[s]uch a petitioner must move for the writ in the sentencing court, rather than any convenient federal court." *Id.* at 1197 (citation omitted).

For the reasons explained above, the petition for writ of error *coram vobis* is DISMISSED.

IT IS SO ORDERED.


Dated:  January 4, 2016

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon Kenneth A. Roberts, P.O. Box 800, Mauston, WI 53948-0800 and attorneys of record on
January 4, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk